FILED

September 26, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:58 AM



TENNESSEE BUREAU OF WORKERS' COMPENSATION
IN THE COURT OF WORKERS' COMPENSATION CLAIMS
AT JACKSON

| | | |
|---|---|---|
| SEVERIANO MENDEZ, | ) | Docket No. 2016-07-0055 |
| Employee, | ) | |
| | ) | |
| v. | ) | |
| SERRA JACKSON AUTOMOTIVE, | ) | State File No. 88360-2014 |
| L.L.C., d/b/a SERRA CHEVROLET, | ) | |
| Employer, | ) | |
| | ) | |
| And | ) | |
| TN AUTOMOTIVE ASSOC. SELF | ) | Judge Amber E. Luttrell |
| INSURERS TRUST, | ) | |
| Insurance Carrier. | ) | |

## EXPEDITED HEARING ORDER DENYING TEMPORARY DISABILITY BENEFITS
## (REVIEW OF THE FILE)

This matter came before the Court upon the second Request for Expedited Hearing filed by Severiano Mendez on August 19, 2016, pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.14 (2015). Mr. Mendez requested the Court convene an evidentiary hearing to decide his interlocutory claim for temporary disability benefits.

Serra opposed Mr. Mendez's request for an evidentiary hearing and asserted the Court can determine the disputed issue based upon a review of the file. The Court agreed. After review of the file, the Court entered an order on September 1, 2016, finding it needs no additional information to determine whether Mr. Mendez would prevail at a hearing on the merits concerning his request for temporary disability benefits. Accordingly, pursuant to Tennessee Code Annotated section 50-6-239(d)(2) (2015), Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(c) (2015), and Rule 7.02 of the Practices and Procedures of the Court of Workers' Compensation Claims (2015), the Court decides this matter upon a review of the written materials and without an evidentiary hearing.

1

In its September 1 order, the Court allowed the parties seven business days to raise any objections to admissibility of any document listed in the order and file a position statement. Serra timely filed an objection to admissibility of documents Mr. Mendez submitted with his Request for Expedited Hearing. Mr. Mendez filed a Medical Certification Form from the records custodian at Laser Spine Institute.

The central legal issue before the Court is whether Mr. Mendez is entitled to temporary total disability for the period he missed work following unauthorized surgery on July 26, 2016. For the reasons set forth below, the Court finds Mr. Mendez did not come forward with sufficient proof from which this Court may conclude he is likely to prevail in establishing entitlement to temporary disability for the requested time period. Accordingly, the Court denies his requested relief.

**History of Claim[1]**

This claim involves an injury Mr. Mendez sustained to his back on October 30, 2014, while walking through the service area at Serra Jackson Automotive (Serra) where cars are washed.

Serra accepted Mr. Mendez's workers' compensation claim and provided initial medical treatment at Physicians' Quality Care for a lumbosacral sprain/strain. Following an orthopedic referral, Mr. Mendez treated with Dr. Bradford Wright, his panel-selected physician.

Dr. Wright treated Mr. Mendez conservatively for his back injury, but subsequently referred him to a spine surgeon following a lumbar MRI. Pursuant to the referral, Serra provided Mr. Mendez a panel of neurosurgeons from which he selected Dr. John Brophy.

Dr. Brophy diagnosed Mr. Mendez with chronic back pain associated with lumbar spondylosis without radiographic evidence of nerve root compression. In response to Serra's correspondence to Dr. Brophy concerning causation, Dr. Brophy confirmed Mr. Mendez sustained a work-related injury on October 30, 2014, diagnosed as myofascial pain after a fall. He opined Mr. Mendez received appropriate and reasonable medical treatment for his work injury consisting of physical therapy and anti-inflammatories. Finally, Dr. Brophy opined there is no further medical treatment, including surgical intervention, which is reasonable or necessary for Mr. Mendez's work injury. Dr. Brophy placed Mr. Mendez at maximum medical improvement (MMI) on December 16, 2015,

---

[1] Mr. Mendez previously filed a Request for Expedited Hearing seeking medical benefits. Following an evidentiary hearing, the Court entered an Expedited Hearing Order Denying Medical Benefits on June 13, 2016. For context, the Court briefly summarized the history of the claim in this Order. The full history of Mr. Mendez's claim set forth in the original Expedited Hearing Order is incorporated herein by reference.

for his work injury and assigned no permanent impairment or permanent restrictions.

Initially, Mr. Mendez filed a Petition for Benefit Determination (PBD) on January 20, 2016, seeking additional medical treatment for his back. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice (DCN) and indicated medical benefits and temporary disability benefits were disputed issues. Mr. Mendez filed a Request for Expedited Hearing on March 15, 2016 requesting additional medical benefits, specifically surgery, for his work injury. He did not request temporary disability benefits at that time. Following an in-person Expedited Hearing, this Court entered an Order Denying Medical Benefits on June 13, 2016, holding Mr. Mendez did not come forward with expert medical evidence to support his contention that he needed additional treatment, including surgery, for the work injury. This Court held Mr. Mendez did not rebut the presumption of correctness afforded Dr. Brophy's opinion by the Workers' Compensation Law.

Following that holding, Mr. Mendez sought unauthorized surgery at the Laser Spine Institute in Creve Coeur, Missouri. In his affidavit accompanying his present Request for Expedited Hearing, Mr. Mendez requested temporary disability benefits for the period of time his surgeon placed him off work following surgery. Mr. Mendez further renewed his request for payment of his surgery.

## Findings of Fact and Conclusions of Law

### General Legal Principles

In order to grant or deny the relief Mr. Mendez seeks, this Court must apply the following principles. Mr. Mendez, as the employee, bears the burden of proof on all prima facie elements of his workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Mr. Mendez need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Rather, at an expedited hearing, he has the burden to come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *Id.*

Pursuant to this Court's September 1 Order, Serra timely filed an objection to the admissibility of documentation Mr. Mendez filed for consideration in his Request for Expedited Hearing.

Serra first objected to every record filed by Mr. Mendez on procedural grounds, stating he failed to file an exhibit list or table of contents. The Court declines to exclude Mr. Mendez's records on these grounds. Tennessee Compilation Rules and Regulations 0800-02-21-.16(6)(a) (2015), cited by Serra, does not require a formal exhibit list to accompany the medical records designated by the parties to be presented as evidence at an Expedited Hearing. Moreover, 0800-02-21-.16(6)(c)(2) provides that a pro se party, like Mr. Mendez, shall not be required to provide a chronological table of contents required by part (c) of paragraph (6).

Serra further objected to all the documentation filed by Mr. Mendez, with the exception of the Return to Work Order signed by Dr. Flood, as the documentation was not properly authenticated for admissibility pursuant to Tenn. Comp. R. & Regs. 0800-02-21-.16(6) (2015). Serra argued the following submitted documents were not signed by a physician and were not accompanied by a certification from the medical provider or custodian of records that the records are true and accurate:

a. July 27, 2016 letter to "To Whom It May Concern" from Laser Spine Institute Associate Executive Director Amanda Ditch (signed);
b. Laser Spine Institute Postoperative Job Restrictions (unsigned);
c. Lase Spine Institute Appointment Itinerary (unsigned);
d. Laser Spine Institute Incision Inspection (unsigned);
e. Laser Spine Institute General Wound Care Information (signed by Employee and witnessed by Jennifer Scheumbauer);
f. Laser Spine Institute Surgical Summary Report (unsigned);
g. Laser Spine Institute Discharge Instructions (unsigned);
h. Laser Spine Institute Lumbar Support by Corflex (unsigned); and
i. Laser Spine Institute Statement for billing of $84,495.74 (unsigned)

In response to Serra's objection, Mr. Mendez filed a Medical Record Certification, signed by Lindsay Wikoff, custodian of records for Laser Spine Institute/Dr. Flood, with thirteen pages attached. The Court notes some overlap between the records attached to the Medical Record Certification and the documents listed above. The Court finds Mr. Mendez's Medical Record Certification complies with Tenn. Comp R. & Reg. 0800-02-21-.16(6)(b). Accordingly, the Court holds the following thirteen pages attached to the Medical Record Certification are admissible and the Court will consider these in reaching a determination of Mr. Mendez's request for temporary disability benefits.

1. Letter dated July 27, 2016 from Amanda Ditch, Laser Spine Institute's Associate Executive Director
2. Dr. Flood's Return to Work Order dated August 12, 2016
3. Postoperative Restrictions
4. Patient Discussion Note (two pages)
5. LSI Final Chart Note (eight pages)

Any record not attached to the Medical Record Certification is excluded and shall not be considered.

*Temporary Total Disability*

The Workers' Compensation Appeals Board previously noted the longstanding criteria for temporary disability benefits as follows: "An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability." *Jones v. Crencor Leasing and Sales,* No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015), *citing Simpson v. Satterfield,* 564 S.W.2d 953 (Tenn. 1978).

Mr. Mendez contended he is off work per Dr. Flood's orders from his unauthorized back surgery of July 26, 2016; therefore, he argued he is entitled to temporary total disability benefits until he is able to return to work at Serra.

Serra countered that this Court "has already held Employee failed to sufficiently prove his need for additional medical treatment, which would include the July 2016 surgery, was causally related to his work injury." Thus, Serra argued,

Employee cannot sufficiently prove his current total disability is related to a compensable injury. Nor can Employee prove there is a causal connection between a compensable injury and his current inability to work. In sum, no physician, authorized or otherwise, has opined Employee's current inability to work is due to a compensable injury and, specifically, Employee's work injury on October 30, 2014.

The Court agrees. The Court previously denied additional medical benefits, including surgery, finding Mr. Mendez did not come forward with expert medical evidence to support his request. Here, the Court finds none of the thirteen Laser Spine Institute documents submitted by Mr. Mendez and attached to the Medical Record Certification alters the Court's previous conclusion.

The records submitted by Mr. Mendez indicated that Dr. Flood took Mr. Mendez off work from July 26, 2016, through September 12, 2016. He opined Mr. Mendez could then return to work with restrictions through October 18, when he could return to work, full duty. However, the records did not contain any medical opinion causally relating Mr. Mendez's surgery or current inability to work to his work injury of October 30, 2014. Accordingly, under *Jones*, Mr. Mendez has not met the first two requirements to establish entitlement to temporary disability benefits.

Therefore, as a matter of law, Mr. Mendez has not come forward with sufficient evidence from which this Court may conclude he is likely to prevail at trial in establishing entitlement to temporary disability benefits for the requested time period.

**IT IS, THEREFORE, ORDERED**, as follows:

1. Mr. Mendez's request for temporary disability benefits is denied.

2. **This matter remains set for a Compensation Hearing on January 13, 2017, at 10:00 a.m. Central Time in the Jackson courtroom of the Court of Workers' Compensation Claims. This case shall proceed according to the deadlines set in the Initial Hearing Order filed on August 22, 2016.**

**ENTERED this 26th day of September, 2016.**

**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

6

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, have the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

The Court considered the following:

1. Request for Expedited Hearing filed August 19, 2016;
2. Affidavit of Severiano Mendez filed August 19, 2016;
3. Laser Spine Institute Medical Record Certification filed September 21, 2016, which contained the following records:
    1. Letter dated July 27, 2016 from Amanda Ditch
    2. Dr. Flood's Return to Work Order dated August 12, 2016
    3. Postoperative Restrictions
    4. Patient Discussion Note (two pages)
    5. LSI Final Chart Note (eight pages);
4. Employer's Position Statement in Response to Employee's Request for Expedited Hearing for Temporary Disability Benefits;
5. Employer's Objections to the Admissibility of Documentation Filed with the Court by Employee.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 26th day of September, 2016.

| Name | First Class Mail | Via Email | Service sent to: |
|------|------------------|-----------|------------------|
| Severiano Mendez, Self-Represented Employee | X | X | 7 Edgehill Drive Jackson, Tennessee 38301; jmarygtez@charter.net |
| Jennifer Orr-Locklin, Esq., Attorney for Employer | | X | Jennifer.locklin@farrar-bates.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov